# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-208 (MJD/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Cristino Martinez Padilla (2), | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Lee R. Johnson, Johnson & Greenberg PLLP, 5775 Wayzata Boulevard, Suite 700, Saint Louis Park MN 55416 (for Defendant).

This matter is before the Court, United States Magistrate Judge Elizabeth Cowan Wright, on the parties' non-dispositive pre-trial motions. The Court held a hearing on September 26, 2019. (ECF No. 55.) Based upon the record, motions and memoranda, and the arguments of counsel at the hearing and in their respective filings, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants, (ECF No. 28), is **DENIED WITHOUT PREJUDICE** as follows: Defendant requests disclosure of statements of his co-defendants pursuant to Fed. R. Crim. P. 16(c) to determine if any such statements inculpate him and would therefore be inadmissible in a joint trial. The Government objects, and indicates that it has provided Defendant with post-conspiracy statements and will provide Defendant with a summary of any other statements that it intends to use at trial at least three business days prior to trial. Defendant's co-defendants have withdrawn pre-trial motions and are working to resolve the case short of trial. Accordingly, this motion is denied without prejudicing Defendant's ability to raise it at a later date. In the event trial proceeds with multiple defendants, Defendant may reassert this motion to evaluate the admissibly of any statements of co-conspirators.

2. Defendant's Motion for Discovery and Inspection, (ECF No. 29), is **GRANTED** as follows: Defendant seeks discovery under several provisions of Fed. R. Crim. P. 16, including his statements, prior criminal record, documents and objects, and reports of examinations and tests. The Government does not object and indicates it has and will continue to comply with all discovery obligations. Therefore, the Government shall comply with its discovery obligations under Rule 16.

3. Defendant's Motion for Production of Video and Audio Recordings, (ECF No. 30), is **GRANTED** as follows: Defendant seeks an order directing the disclosure of all video, audio-tape, and digital recordings made in connection with the investigations into the alleged transactions which are the subject of this indictment. The Government does not object, indicates that it has provided audio and video recordings, and indicates that it intends to provide an additional video recording early next week. Accordingly, to the extent any exist, the Government will provide records of any video and audio recordings made in connection with the investigations into the alleged transactions which are the subject of the indictment.

4. Defendant's Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence, (ECF No. 31), is **GRANTED** as follows: Defendant requests an order requiring the Government to provide notice of its intention to use evidence of "other crimes, wrongs, or acts," as used in Fed. R. Evid. 404(b) and evidence of "specific instances of conduct" as used in Fed. R. Evid. 608(b). The Government does not object. The Government shall provide notice at least three weeks before trial of its intent to use any such evidence.

5. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 32), is **DENIED** as follows: Defendant seeks Jencks Act materials at least two weeks prior to trial. The Government objects to Court-ordered disclosure of Jencks Act materials, but indicates it will prove Jencks materials no later than three business days prior to trial. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n.2. Therefore, the Court does not order production of Jencks materials, but it expects the Government to provide Jencks Act materials as agreed so as to prevent delays in trial.

6. Defendant's Motion for Disclosure of Names, Addresses, Phone Numbers, and Prior Criminal Records of All Witnesses the Prosecution Intends to Call at Trial, (ECF No. 33), is **DENIED** as follows: Defendant seeks an order requiring the Government to provide Defendant with the names, addresses, phone numbers, and prior criminal records of all witnesses the prosecution intends to call at trial. The Government objects, but indicates it will provide Jencks Act materials concerning any of its witnesses three business days prior to trial. Defendants are not ordinarily entitled to such information before trial. *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("[T]he identity of witnesses is information of the government not normally required to supply to the criminal defendant." (quotation and citation omitted)); *see also United States v. Miller*, 696 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial." (citations omitted)). The Government shall follow the practice of the trial judge in determining the manner and scope of pretrial disclosures of its witnesses.

7. Defendant's Motion for Disclosure of Exculpatory Evidence and Impeaching Information, (ECF No. 34), is **GRANTED** as follows: Defendant seeks evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government indicates it is aware of its obligations under these authorities and has represented to the Court that it has or will disclose all such materials. Therefore, the Government shall fully and immediately comply with its obligations under *Brady* and its progeny.

Date: September 26, 2019

s/ *Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge
District of Minnesota

*United States v. Padilla*
Case No. 19-cr-208 (MJD/SER)